UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUL M. KODWAVI,<br><br>            Plaintiff,<br><br>     vs.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., *et al.*,<br><br>            Defendants. | Case No.: 11-cv-2710-YGR<br><br>**ORDER TO SHOW CAUSE RE: STRIKING AND SANCTIONS; ORDER VACATING HEARING AND TRIAL DATES AND DEADLINES** |

**TO PLAINTIFF GUL M. KODWAVI AND HIS COUNSEL OF RECORD:**

The above-named Plaintiff's counsel, **Curtis G. Oler,** is hereby **ORDERED TO SHOW CAUSE** why he should not be sanctioned for failing to comply with this Court's Standing Order in Civil Cases ("Standing Order") regarding summary judgment responsive statements and why Plaintiff's Separate Statement of Undisputed Facts In Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment or Alternatively, Partial Summary Judgment (Dkt. No. 66, hereinafter "Plaintiff's Additional Facts") and Response to Defendant's Separate Statement of Undisputed Facts (Dkt No. 68, hereinafter "Plaintiff's Responsive Statement") should not be stricken.

Plaintiff's Additional Facts and Plaintiff's Responsive Statement both fail to comply with this Court's Standing Order in Civil Cases ("Standing Order"), paragraph 9(c). The Standing Order requires that a party responding to a motion for summary judgment to include "a separate, short, and concise statement of any additional material facts as to which it is contended that there exists a genuine issue to be tried" in the same document as the response to the moving separate statement. The Standing Order further requires that an opposing separate statement shall be "no more than five (5) additional pages beyond the number of pages in the opening statement." Most significantly, the

Standing Order requires that counsel include an attestation as part of their separate statements stating that the evidence cited fairly and accurately supports the facts as asserted.

Here, Plaintiff filed Plaintiff's Responsive Statement and filed a separate additional 28-page document listing additional material facts.  Plaintiff's counsel failed to attest to the veracity of the facts asserted in either document.

In addition to the plain requirements of the Standing Order, paragraph 9(c), Plaintiff's counsel was previously cautioned by this Court to adhere to these exact same requirements in a separate action.  (*See Mendoza v. Kindred Healthcare Operating, Inc.*, No. 4:11-cv-00666-YGR, ECF No. 51 (N.D. Cal. May 4, 2012).)

A hearing on this Order to Show Cause shall be held on **Friday, December 21, 2012,** on the Court's 9:01 a.m. calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California.  Plaintiff's counsel must file a written response to this Order to Show Cause no later than Friday, December 14, 2012.  If the Court is satisfied with Plaintiff's counsel's response, it will consider taking the Order to Show Cause hearing off calendar.

In addition, the Court hereby **VACATES** the pending hearing on Defendant's Motion for Summary Judgment, currently set for **Tuesday, December 11, 2012,** and **VACATES** the trial date, and all trial-related hearings and deadlines, until further notice from the Court.

**IT IS SO ORDERED.**
Date: December 6, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**